UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

February 10, 2015

LETTER TO COUNSEL

RE: *Shannon Cyrena Wines v. Commissioner, Social Security Administration*;
Civil No. SAG-14-1651

Dear Counsel:

On May 21, 2014, Plaintiff Shannon Cyrena Wines petitioned this Court to review the Social Security Administration's final decision to deny her claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 14, 16). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2014). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions and remand the case to the Commissioner. This letter explains my rationale.

Ms. Wines filed her claims for benefits in May and June of 2011, alleging a disability onset date of October 25, 2010. (Tr. 184-200). Her claims were denied initially and on reconsideration. (Tr. 120-24, 125-28). An Administrative Law Judge ("ALJ") held a hearing on February 4, 2013. (Tr. 24-69). Following the hearing, the ALJ determined that Ms. Wines was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 8-23). The Appeals Council denied Ms. Wines's request for review, (Tr. 1-4), so the ALJ's decision constitutes the final, reviewable decision of the agency.

The ALJ found that Ms. Wines suffered from the severe impairments of degenerative disc disease of the lumbar and cervical spine (status post-cervical laminectomy), osteoarthritis of the left knee, myofascial pain syndrome, bipolar disorder, obsessive-compulsive disorder, anxiety disorder, and polysubstance abuse. (Tr. 13). Despite these impairments, the ALJ determined that Ms. Wines retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except that she can sit and stand/walk each for six of eight hours in a day, but must alternate between sitting and standing in place every half hour. She can occasionally climb ramps and stairs, bend, stoop, and crouch. She is never able to kneel, crawl, or climb ladders, ropes, or scaffolds. She must avoid exposure to hazards, including machinery and heights. She is capable of performing simple and repetitive tasks, or work with a SVP of no more than two, in a non-production oriented setting

*Shannon Cyrena Wines v. Commissioner, Social Security Administration*
Civil No. SAG-14-1651
Fabruary 10, 2015
Page 2

>with no interaction with the public and no more than occasional interaction with co-workers and supervisors.

(Tr. 16). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Wines could perform jobs existing in significant numbers in the national economy and that, therefore, she was not disabled. (Tr. 22).

Ms. Wines raises two very general arguments on appeal, essentially contesting the ALJ's assessment of her mental condition and her physical condition. Because I agree that the ALJ did not adequately evaluate the evidence pertaining to Ms. Wines's mental impairments, remand is appropriate. In so holding, I express no opinion as to whether the ALJ's ultimate conclusion that Ms. Wines is not entitled to benefits is correct or incorrect.

The records pertaining to Ms. Wines's mental health show that she had a series of hospital admissions for psychotic symptoms in the spring and early summer of 2011. (Tr. 271-385). The ALJ repeatedly noted that Ms. Wines had not experienced any manic episodes since her enrollment in a community treatment program in June, 2011. (Tr. 19). However, the records reflect not only an additional period of decompensation in September, 2012, as acknowledged by the ALJ. (Tr. 20). Although it was not a "manic episode," the September, 2012 period of decompensation reflects other mental health limitations that could significantly impact Ms. Wines's ability to work. During that September, 2012 decompensation, Ms. Wines exhibited "pressured speech, flight of ideas, stuttering, pacing, insomnia, and paranoia," among other symptoms. (Tr. 557). The ALJ recognized that Ms. Wines's other treatment records showed "obsessive thoughts/counting, paranoia, intermittent hallucinations, poor concentration, sleep disturbance, and substance use cravings" and that examination records reflected that she presented with "a constricted affect, tearfulness, pressured speech, passive suicidal ideation without intent, and poor/limited insight and judgment." (Tr. 19). The records reflected fairly regular use of marijuana, and possibly also abuse of pain medications, even during her regular substance abuse treatment. (Tr. 580).

Moreover, the treatment coordinator for the community treatment program attending to Ms. Wines, Lindsay Breeden, stated that Ms. Wines receives all of her services in her home, because attending appointments on site creates too much anxiety for her. (Tr. 557). Ms. Breeden also noted that Ms. Wines had had "many medication adjustments" to address her conditions. *Id.* The ALJ assigned "little weight" to the opinion of Ms. Breeden, citing (1) outpatient records reflecting reported symptom improvement with medication; (2) Ms. Breeden's status as an other than acceptable medical source; and (3) inconsistency between Ms. Breeden's opinion and Ms. Wines's activities of daily living ("ADLs"). (Tr. 20-21). That assignment of weight requires further explanation. First, the alleged "symptom improvement with medication" is not evident from the cited records. The ALJ cited to exhibit 4F, which largely predates Ms. Wines's serious episodes of decompensation. The only record suggesting improvement is an April 6, 2011, visit where Ms. Wines states that she is "doing much better." (Tr. 391). Her opinion proved flawed, however, since she returned to inpatient psychiatric treatment the very next day, April 7, 2011. (Tr. 329-30, 333-34, 338-42). The other exhibit the ALJ cited, exhibit

*Shannon Cyrena Wines v. Commissioner, Social Security Administration*
Civil No. SAG-14-1651
Fabruary 10, 2015
Page 3

11F, similarly does not demonstrate any symptom improvement with medication. The exhibit consists largely of relatively illegible notes from Ms. Wines's treating psychiatrist, with accompanying reports that state, "Shannon has been working through many medication changes . . . she has continued to have very severe mood swings . . . she continues to stay in her house most of the time and has anxiety about being out in public." (Tr. 550-51). To the extent the ALJ believes that those records reflect "symptom improvement with medication," more specific citation to Ms. Wines's file is required to allow evaluation of whether the conclusion is supported by substantial evidence. Second, while Ms. Breeden is not herself an acceptable medical source, the ALJ is still required to weigh her opinion in considering Ms. Wines's ability to function. SSR 06-3P. In this case, the ALJ did not discuss one of the most significant elements of Ms. Breeden's opinion – Ms. Wines's inability to leave her home for treatment. As for ADLs, the ALJ cited Ms. Wines's adult function report, which demonstrated that as of June 29, 2011, she went grocery shopping once per month and attended church weekly. (Tr. 239-46). At the February 4, 2013, hearing, however, Ms. Wines testified that she no longer goes to church because, "Everybody looks at you. I don't like how everybody wants to talk to you, and touch you." (Tr. 52). She further testified that she tries to get her daughter to handle her grocery shopping because, "I don't like people." (Tr. 53). That testimony appears to be in accordance with the observations of Ms. Breeden and Ms. Wines's treatment team, but was not addressed specifically by the ALJ. *See, e.g.,* (Tr. 557) (Ms. Breeden letter of January 22, 2013, noting, "Shannon has required more intensive care recently as her symptoms have become increasingly more prominent."). On remand, the ALJ should evaluate the medical evidence in its entirety and determine whether the evidence she failed to consider alters her evaluation of Ms. Wines's RFC, including the evidence pertaining to Ms. Wines's inability to leave her home, the evidence pertaining to her obsessive-compulsive disorder and resulting symptoms, and the evidence pertaining to her substance abuse. While there is no obvious error in the ALJ's evaluation of Ms. Wines's physical impairments, the ALJ should further consider Ms. Wines's physical condition in combination with her mental impairments to determine the appropriate RFC assessment.

For the reasons set forth herein, Ms. Wines's Motion for Summary Judgment (ECF No. 14) is DENIED and Defendant's Motion for Summary Judgment (ECF No. 16) is DENIED. The ALJ's opinion is VACATED and the case is REMANDED for further proceedings. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge